The following opinions were delivered in this court:
By the Chancellor.
The object of the writ of error in this case is to set aside the proceedings of the justices of the supreme court, confirming the report of the commissioners of estimate and assessment upon the opening of Fifth street, in the city of New-York, from Broadway to Mercer street: on the ground that the commissioners had adopted an erroneous principle, in not allowing the plaintiff in error the full value of the lands covered by the street. Wyman purchased of the executors and trustees of Mrs. De Peyster, after the deeds to Whittemore had been recorded. He is therefore chargeable with notice of the rights which had been acquired under those deeds, and with notice of the contents of the map of the estate of Mrs. De Peyster, referred to in the deeds. His right to claim compensation for the land lying in the street is consequently the same, and no greater than the right of the executors and trustees would have been if he had not purchased from them.
The assessment of damages, in these street cases, must necessarily be made in reference to the rights of the parties as they exist at the time when the report of the commissioners is deposited in the clerk’s office for inspection, and notice #of such deposit given according to law. The object of the second report is, not to make a new assessment, in reference to newly acquired rights ; but if objections to the first report are made, the commissioners are to review their assessment, for the purpose of ascertaining whether they have made any mistake. If they are satisfied there was no error in the first report, they are not obliged to make a new assessment, upon different principles, because some of the parties interested have by subsequent conveyances, or releases, changed their rights.
The most that the commissioners could be justified in doing in this case, if the rights of the parties were in fact changed by the release from Dean and De Peyster to Wyman and the others, would have been in their second report to have allowed damages to Wyman, to be paid by an assessment of the same amount upon the lot belonging to the persons who executed the release. The power of the commissioners to change the assessment, however, even to that extent, is at least doubtful; and in this case it could not have been done, because there were mortgagees, interested in lot No. 7, who did not join in the release, and the value of the lot over and above the assessment might not'have been sufficient to pay off the mortgages. I apprehend, however, that the rights of Wyman were not changed by the release. If no person but the owners of lots fronting on a street could be benefited by the opening of the street, or injured by shutting it tip, the principle contended for by the plaintiff in error might be"correct; unless, indeed, the laying out of a town plot and selling lots in reference thereto, should of itself be deemed a conclusive act of dedication to the public of the streets and avenues laid down upon such plot. See City of Cincinnati v. The Lessee of White, 6 Peters’ Rep. 431. But be that as it may, it is an indisputable fact that the value of city lots is enhanced by the opening of streets, avenues, and public squares in the vicinity of such lots, although the lots do not bound upon such street, avenue, or public square. The presumption, therefore, that the vendor of city property who sells the same as bounded bystreets or avenues of particular dimensions, or who sells in *499 reference to a map or town plot, on which streets, &c. are laid *down as being in the vicinity of the lots sold, obtains an enhanced value therefor, and impliedly grants the right or privilege to the purchaser of having such streets, &c. is a presumption of law, arising from the nature of the property and from the conveyance, and cannot be contradicted by parol proof. If the conveyance itself bounds the lot upon a street of a particular width, or as lying within a certain distance from the street, the dimensions and locality of which are described with sufficient certainty in the deed, and the grantor is the owner of the land upon which the supposed street is located, the grant of the privilege of such a street may well be implied. A similar implication arises when a conveyance is made with reference to a map or town plot on which the streets are laid down. In the case now under consideration the devise of the two southerly lots of the block to Mrs. Champlin was made with reference to the city map on which Fifth street, as well as Fourth street, were laid down ; and the deeds to Whittemore also referred to the map of the estate of Mrs. De Peyster, which was made after her death, and on which the streets were laid down in conformity to the city map. The executors and trustees had a right to sell and dispose of the whole property, including the land covered by the streets, in such manner as they should think advisable. They had therefore the power to lay it out into blocks and lots, and to sell it as city property, with the privilege of streets appurtenant thereto, as easements or urban servitudes. Many persons other than those from whom the release was obtained, had therefore the right to insist upon having this street opened whenever the corporation should think proper to allow the same to be done ; and the value of the land to the owner of the fee was merely nominal, notwithstanding the release.
For these reasons I think this case is not distinguishable from that of Livingston v. The Mayor, &c. of New-York, 8 Wend. Rep. 85, decided by this court in December, 1831 ; and that the judgment of the supreme court should be affirmed.
*By Senator Sherman. About the time of the decision of the supreme court of this state in the case of Mercer street, 4 Cowen, 542, the executors of Mrs. De Peyster being disposed probably to avail themselves of the benefit of that decision, put up for sale at public auction, amongst others, the lot purchased by the plaintiff in error. What the object of the plaintiff in error was in buying a lot lying within the established limits of a street, on which no permanent improvement could be made or buildings erected, does not appear. It might have been an expectation of obtaining, by the rise of property, a greater amount in damages than he paid for the same, whenever the street should be opened.
It is contented, on the part of the appellant, that this case is distinguishable from the case of Ridge and Attorney streets, decided in this court, 8 Wendell, 85, and the case of Lewis and Seventeenth streets, decided in the supreme court, 1 Wendell, 262, and 2 id. 472, in the following particulars : 1. That Fifth street had not been travelled as a public thoroughfare for any given number of years, so as to warrant the presumption that the ground had been abandoned by the owner ; 2. That no enhanced price had been paid for the lots fronting on the same, in consideration of its being opened free of expense ; and 3. That if tfip lot was sold subject to an easement or right of way, the same was released by the deed set forth in the case, signed by Dean, De Peyster and Champlin.
As to the first ground. It is true that it does not appear that Ffth street had been used as a public thoroughfare for any definite time; but it was open for public use in 1830, before it was taken by the commissioners. It was not *501 travelled, I presume, on account of the uneven surface of the ground, as stated in argument, except by foot passengers. As to the cases of Ridge and Attorney streets and Seventeenth street, it will be found, as I apprehend, that neither of those cases were decided on the ground of lapse of time. Although, in the first mentioned case, such a dedication might have been presumed, there were other circumstances sufficient to justify the application of the principle of an immediate dedication. Had Mr. Livingston, in the case of Ridge and Attorney streets, or had Mrs. De Peyster, in this case, thrown open the streets to the *public without selling off lots fronting on the same, then lapse of time, I apprehend, would have been the proper inquiry, viz. whether the streets had been used as thoroughfares for a sufficient length of time to presume an abandonment by the owners ; for after such usage by the public, individual rights may be acquired improvements made, and interests transferred, in reference to such thoroughfares ; and it would be a violation of good faith for the owner, under such circumstances, to close them. But in the view I have taken of this point, it is not important whether the street had been travelled for any given length of time or not. I consider the present case of Fifth street as resting on the principle of immediate dedication.
Where a man lays out his ground into lots, and sells and conveys the same,' fronting on or bounded by streets, so laid out through the same, the easement or / right of way over such streets passes as appurtenant to the grant, and vests in , the grantees in common with the public. Such circumstances are per se an ■ immediate dedication of the streets, unless, as in the case of Underwood v. Stuyvesant, 19 Johns. Rep. 186, the streets laid out depend on a contingency ; or are contrary to some local lawn The grantor cannot sell or dispose of the* ground, or use it for any other purpose; he has no individual interest remain- *. ing, except the nominal fee in front of his adjoining ground not. disposed of.
The Island of New-York, as is well known, has been surveyed and laid out into avenues and cross streets, under and by virtue of an act of the legislature, a map of which was made by the state commissioners, adopted by the corporation of the city, and put on file. To insure uniformity and prevent the confusion of a variety of plans, narrow streets and frequent alterations, the corporation as well as individuals are prohibited from laying out or opening any other streets than those on the general map. Fifth street in question is one of the streets contained in the general survey ; and the map, or a copy of that section including her ground, is referred to in the will of Mrs. De Peyster. By this will she devises certain lots to Mrs. Champlin, recognizing Fifth street; and her executors, in carrying her will into effect, sold and conveyed lots, and *bounded the purchasers in their deeds by the same street, and by other streets marked out on the map. Thus the map was recognized as her own—and it- becomes, by reference in the deeds, a part of the conveyance. These circumstances bring Fifth street within the principle of former decisions, and make it a dedicated street by the original owner of the ground ; and this, in my opinion, is in accordance with the intention of Mrs. De Peyster, as she appears to have made no specific disposition of the ground within the limits of the street to any one. It is therefore reasonable to suppose that she left it for the use of the grantees of the lots, in common with the public. The owner of ground in the city of New-York is often benefited by this course of proceeding, in preference to having the ground taken by commissioners of estimate and assessment; for although they would be obliged, by the law under which they act, to allow damages to the full value of the ground taken, it would be their duty to assess them back upon the adjoining ground of the owner and others benefited. And where the street to be opened is situated above *503 the line of the state commissioners, and the owner’s ground extends beyond half blocks each way, he would have to bear the whole amount of the assessment. The damage and benefit being equal, his loss would be the costs and expenses of the commissioners’ proceedings.
The principles of law in relation to opening streets in the city of .New-York having been recently adjudicated in this court, and so clearly and correctly illustrated by the chief justice of the supreme court, in the case of Lewis and Seventeenth streets, I consider it unnecessary to refer to many authorities on the subject. I will only advert to one case lately decided in the supreme court of the United States : White v. The City of Cincinnati, 6 Peters’ R. 432. This case and the case of Ridge and Attorney Streets presented the coincidence of two cases depending at the same time in different and distant tribunals, involving the same question, and resulting in the same decision. It is the most recent case reported, in which the doctrine of dedication of streets and public squares is ably and fully discussed. The court say, “ Dedications *must be considered in reference to the use for which they are made ; and in a town or city, streets require a more enlarged right over the ground, to carry into effect the purposes intended, than may be necessary for highways in the country.” “ Dedications do not always rest upon length of possession, for in the case 3 Bingham, 447, the question left to the jury was whether the thoroughfare had been used with the assent of the owner of the soil, and not for what length of time. A parol dedication is good, and generally the only one made ; and although there is no grantee to take, it vests in the public, and is different from ordinary grants, and is construed upon principles to suit the nature of the case ; they are similar to the case where a man lays out a street or highway over his own land, where there is no grantee of the easement, yet it takes effect as a grant to the public use, who have the right of passage through, not the absolute property.” The fee, as appears to be well settled, remains in the owner of the soil, or the owners on each side ad filum vice, to whom the original owner may have passed the freehold. The fee of the road passes to the successive owners of the lots in fee, fronting on the street or road, as appurtenant to their grants, and necessary to the enjoyment of the freehold. 1 Burr. 145. 2 Coke, 705. 15 Johns. R. 447. 6 Mass. R. 454. 3 Mason, 280. 1 Day’s R. 103. But the easement or right of way always remains in the public. On the first point, therefore, I am of opinion that there was an immediate dedication of Fifth street, and that lapse of time was not necessary to be shown in a case of this kind.
Secondly. It does not appear that there was an enhanced price eo nomine paid for the lots, in consideration of the easement; but it cannot, I think, be doubted that Mrs. De Peyster received indirectly an enhanced price for her lots, and was thereby compensated for the ground of Fifth street. It. was the street that gave a character and recommendation to the lots, and enhanced the value of the adjoining property. This is the natural consequence of opening streets in the vicinity of a city, where population is increasing and constantly extending itself over a greater space of territory. But I do not view this point as important in the decision of this case, as I *cannot see how it can have any particular bearing on the principle of dedication.
Thirdly. If there was a dedication of the ground of Fifth street, which I apprehend has been shown, can the release of Dean and De Peyster have any bearing or effect upon the case ? I apprehend not. In whom did the right of way vest? In the public, if in any one, and if so, it is not, I apprehend, a subject of individual release. The judge of the supreme court, who delivered the opinion in this case, very properly asks, are the releasors the only persons *505 who have an interest in the easement ? According to the decision of the United States court in Peters, above referred to, the whole public have an interest in common with every other individual. This being the case as I apprehend it, the release I consider inoperative.
I am therefore of opinion that there was a dedication of the right of way through Fifth street, and that such dedication was immediate; that the appellant bought the lot in question subject to such right of way; that the same was not released; and that the judgment of the supreme court to be affirmed.
The court being unanimously of the opinion that the judgment of the supreme court ought to be affirmed, it was accordingly affirmed.