By the Court.—Barbour, C. J.
The only power-given by the plaintiff to H. B. Claflin & Go. in regard to the shipment of the goods which are the subject-matter of this action, was contained in the direction to ship the same to him at Janesville, Wisconsin, by the defendant’s line, and that authority or agency was fully and completely exercised and performed by Claflin & Co. on the 2d of October, by delivering the goods to the defendants at their depot, duly marked “ H. S. Shelton, Janesville, Wis.,” and by taking the receipts of the defendants for the same. This mark upon the boxes sufficiently showed the place to which the property was to be carried and the person to whom it was to be delivered there, and was equivalent to an express written or verbal direction to that effect, and so it must be assumed, in the absence of evidence to the contrary, the defendants understood it, for they immediately sent the goods forward towards their place of destination.
Ho bill of lading is necessary to create the liability of a common carrier. The mere reception of the goods for the purpose of transporting them is sufficient. There is no doubt, however, that the authority given to Claflin & Go. to ship the property to the plaintiff included also the power to accept a bill of lading containing particular exemptions from liability and constituting a special contract (Nelson v. Hud. R. R. R. Co. 48 N. Y. 498). But that should have been done or agreed •upon at the time the goods'were received by the defendants for transportation. When the goods had been delivered, and the employes of Claflin & Co. took their receipts and went away without making a special contract, the common-law obligation of the defendants as *536 carriers was complete, and Claflin & Co., having fully performed their duty to the plaintiff, had become, as to their employment or agency, functus officio, and of course had no right or power to convert the common-law liability of the carriers into a special contract, by the acceptance of bills of lading at a subsequent time.
Besides, even if it could be conceded that Claflin & Co. had the power, under their employment, to accept bills of lading containing special exemptions in favor of the carriers after their common-law liability had attached, it is quite clear that an employment to ship the goods to the plaintiff at Janesville did not empower Claflin & Co. to accept bills of lading by which the defendants undertook to transport the property only as far as the depot in Chicago. That was not within the terms of their agency.
The acceptance by Claflin & Co. of the alleged bills of lading therefore did not affect the rights of the plaintiff nor release the defendants from any portion of the common-law liability which they had assumed as carriers, and it follows that the decision of the referee was right.
The judgment appealed from should be affirmed, with costs.
Monell and Freedman, JJ., concurred.