# Newhall et al., Appellants, *v.* Norristown Trust Co.

*Corporations — Corporate mortgage — Duties and liabilities of trustee—Certification of bonds—Application of proceeds of mortgage.*

Where a trustee in a corporate mortgage has no active duties to perform outside of the mere certification and delivery of the bonds on instruction from the board of directors, and is absolved by the terms of the mortgage from any duty with respect to the disposition of the proceeds of the sale of the bonds, it cannot be held liable for wrongful delivery of the bonds by the mortgaging company to contractors who failed to perform their contract with the company.

Argued February 4, 1924. Appeal, No. 82, Jan. T., 1924, by plaintiff, from decree of C. P. Montgomery Co., Nov. T., 1922, No. 9, dismissing bill in equity, in case of C. S. Newhall et al. v. Norristown Trust Co.    Before

FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Affirmed.

Bill for discovery and accounting.   Before STEWART,
P. J., specially presiding.
The opinion of the Supreme Court states the facts.
Bill dismissed.   Plaintiffs appealed.

*Error assigned* was decree, quoting record.

*L. L. Smith,* of *Smith & Strong,* with him *D. Yeakel
Miller,* for appellants.—Defendant was guilty of gross
negligence in the administration of its trust for which it
is liable to plaintiffs and the other bondholders: Key-
stone, etc., Co. v. Bate, 187 Pa. 460; Miles v. Vivian C.
C. A. 2d Circuit, 79 Fed. 848; Frishmuth v. Trust Co.
(Cir. Ct. of N. Y.), 95 Fed. 5; Knapp v. R. R., 20 Wall.
117; Continental, etc., Bank v. Drainage Co., 278 Fed.
811; Com. v. R. R., 122 Pa. 306; Tompkins v. Saltmarsh,
14 S. & R. 275.

*Aaron S. Swartz, Jr.,* with him *Franklin L. Wright,*
for appellee.—A corporate trustee by its act of certifi-
cation does not guarantee to the purchasing bondholders
that the proceeds will be properly applied: Keystone
Coal Co.'s Trustee, 225 Pa. 243; National Water Works
Co. v. Kansas City, 78 Fed. 428; Reynoldsville Water
Co. v. Trust Co., 257 Pa. 341; Byers v. Trust Co., 175
Pa. 318.

OPINION BY MR. JUSTICE FRAZER, April 14, 1924:
The bill, filed by bondholders against defendant as
trustee under a corporate mortgage or deed of trust to
secure a bond issue, avers the trustee was grossly negli-
gent in discriminating in payment of interest coupons,
certifying bonds after default made in payment of in-
terest at a time it should have known bonds previously
certified had been misappropriated, and otherwise failing
to perform its duty as trustee.   The bill asked for dis-

covery concerning the issue and sale of all bonds and for an accounting for loss plaintiff sustained by reason of alleged neglect of duty by the trustee. A demurrer set forth four specific grounds of objection. The court overruled three of the reasons set up and sustained the fourth to the effect that the bill failed to show a good cause of action against defendant.

The mortgage in question was executed to secure a bond issue of the Montgomery Transit Company to the extent of $600,000, of which bonds to the value of $225,-000 are held by plaintiffs. By its terms the trustee was required to certify the obligation and deliver them as indicated by its provisions and only such as bore the certificate of the trustee should have the benefit of being secured by the mortgage. Following certification the bonds were required to be delivered in designated lots at the written request of the transit company for specified purposes; such deliveries, however, to be made only when the trustee should "receive a copy of the resolution of the board of directors of the transit company, certified by its secretary under its corporate seal, calling for such delivery." A further clause provided that "the trustee shall be under no responsibility to see to the application of any of the bonds delivered under the provisions of this section or to the application of the proceeds thereof or to verify the resolutions so to be delivered to it." Also that the trustee "shall not be answerable for the default or misconduct of any agent or attorney appointed by it in pursuance hereof, if such agent or attorney shall have been selected with reasonable care, or for anything whatever in connection with this trust, except wilful misconduct or gross negligence." Further, the trustee was not to be under obligation to take action toward the execution or enforcement of the trust which, in its opinion, would likely involve it in expense or liability, until furnished with reasonable indemnity, nor take notice of default unless notified in writing by the holders of ten per cent of the bonds, nor

to institute proceedings with respect to any default except on the written request of the holders of 40 per cent of the securities. It thus appears the trustee not only assumed no active duties or responsibilities with reference to the sale of the bonds or the handling of the proceeds realized from such sale, but, on the contrary, was expressly relieved from liability therefor unless and until called upon to take action by a designated number of bondholders; the trustee had no active duty except to certify to the genuineness of the obligations and deliver the same as directed, upon receipt of a copy of a resolution of the board of directors authorizing such action.

The directors of the transit company entered into a contract which contemplated the building of extensions and improvements and furnishing the necessary equipment for such enlargements. Following this action the directors, by resolution in writing, authorized the trustee to certify and deliver to the treasurer of the transit company the latter's bonds in the total amount of $425,000 and further directed the treasurer to turn over to the contractor, or his nominee, any or all such bonds as the same should be requested by the contractor. A number of these bonds subsequently came into the hands of plaintiffs as purchasers. The contractor failed to complete his contract and carry out the work and as a result of such failure the proceeds of the bonds were not used for the purpose intended. The negligence charged against the trustee consisted in certifying and delivering the bonds mentioned in the certificate of the board of directors, (1) Without discovering that the contractor was irresponsible, (2) Failure to take action against the traction company, and (3) Failure to protect the bondholders by applying to the proper court for appointment of a receiver for the company.

It is apparent from the provisions of the mortgage quoted above, and the averments in the bill, that the trustee cannot be held responsible for losses bondholders

may have sustained. It had no active duties to perform outside of the mere certification and delivery of the bonds on instruction from the board of directors. It was expressly relieved from liability for either the collection or the expenditure of proceeds derived from sale of the securities. The remedy of the bondholders for mismanagement or neglect, so far as the mortgagor and its representatives or agents are concerned, is against the mortgagor and not against the trustee. Had the trustee assumed the duty of collecting the proceeds of the bonds and seeing to their proper application we would have a different question before us. Its obligation to the bondholders is defined in the mortgage itself, which clearly absolves it from any duty with respect to the disposition of the proceeds resulting from the sale of the bonds: Byers v. Union Trust Co., 175 Pa. 318, 325.

The decree of the court below is affirmed at appellants' costs.