CHARLES A. BENTON, Respondent, *v.* SAFE DEPOSIT BANK OF POTTSVILLE, PENNSYLVANIA, Appellant.

(Submitted November 21, 1930; decided January 6, 1931.)

*George N. Hamlin* for appellant. Under the law of Pennsylvania, the plaintiff has no cause of action against the defendant in negligence or contract for failure to record the collateral trust agreement, because of the clauses in that agreement relieving the defendant from any obligation to record the instrument and from any liability save for its gross negligence or willful default. The agreement was delivered and the trusts therein accepted in the State of Pennsylvania. As no cause of action arose in that State against the defendant, none can be enforced in the courts of New York, even though such a clause may be there regarded as against public policy. (*Bell* v. *Title Trust & Guarantee Co.*, 292 Penn. St. 228; *Byers* v. *Union Trust Co.*, 175 Penn. St. 318; *Green* v. *Title Guarantee & Trust Co.*, 223 App. Div. 12; *McClelland* v. *Norfolk So. R. R. Co.*, 110 N. Y. 469; *National Salt Co.* v. *Ingraham*, 122 Fed. Rep. 40; *McClure* v. *Oxford*, 94 U. S. 429; *Babbitt* v. *Read*, 236 Fed. Rep. 42; *Davidge* v. *Guardian Trust Co.*, 203 N. Y. 331; *Gra-*

*ham* v. *First Nat. Bank*, 84 N. Y. 393; *Knowlton* v. *Erie R. R. Co.*, 19 Ohio St. 260; *Cleveland, C., C. & St. L. R. Co.* v. *Druien*, 80 S. W. Rep. 778; *The Trinacaria*, 42 Fed. Rep. 863; *Baetjer* v. *LaCompagnie*, 59 Fed. Rep. 789; *Forepaugh* v. *D., L. & W. R. R. Co.*, 128 Penn. St. 217; *Canaday* v. *Atlantic Coastline R. R. Co.*, 143 N. C. 439; *Cohn* v. *Adams Express Co.*, 170 Ill. App. 174.) . The provisions in the trust agreement relieving the trustee from any duty to record the instrument and those relieving it from liability save for its gross negligence or willful default are not against public policy. They are the subject alone of private agreement in which the public has no interest, and which it is the highest public policy to enforce. (*Cole* v. *Goodwin*, 19 Wend. 251; *Parrill* v. *Cleveland, C., C. & St. L. Ry. Co.*, 23 Ind. App. 638; *Railroad Co.* v. *Lockwood*, 17 Wall. 357; *Checkley* v. *Illinois Central R. R. Co.*, 257 Ill. 491; *Insman & Co.* v. *Seaboard Air Line Ry. Co.*, 159 Fed. Rep. 960; *Santa Fe Ry. Co.* v. *Grant Bros.*, 228 U. S. 177; *Cleveland, C., C. & St. L. Ry. Co.* v. *Henry*, 170 Ind., 94; *Ferrarri* v. *N. Y. C. & H. R. R. R. Co.*, 162 App. Div. 6; 220 N. Y. 712; *Browning* v. *Fidelity Trust Co.*, 250 Fed. Rep. 321; *Tuttle* v. *Gilmore*, 36 N. J. Eq. 617; *Black* v. *Wiedersheim*, 143 Fed. Rep. 359; *Ainsa* v. *Mercantile Trust Co.*, 163 Pac. Rep. 898; *Bell* v. *Title Guarantee & Trust Co.*, 292 Penn. St. 228; *Byers* v. *Union Trust Co.*, 175 Penn. St. 318; *Newhall* v. *Norristown Trust Co.*, 124 Atl. Rep. 337.)

*Karl R. Miner* for respondent. The defendant is liable for its failure to record the mortgage. (*Miles* v. *Vivian*, 79 Fed. Rep. 851; *Green* v. *Title Guarantee & Trust Co.*, 223 App. Div. 16.)

CRANE, J. The liability to bondholders of a trustee under a trust mortgage for failure to record the mortgage is the question brought up for review by this appeal. The plaintiff is the holder of two first and collateral trust mortgage six per cent gold notes of the Kresge Coal Com-

pany, payable November 1, 1923. The coal company is a corporation organized and existing under the laws of the State of Delaware and the Safe Deposit Bank of Pottsville, Pennsylvania, is a corporation existing under and by virtue of the laws of that State, having its principal office and place of business at Pottsville. The notes held by the plaintiff are part of a total authorized issue of notes numbered from 1 to 100, inclusive, made by the said Kresge Coal Company, aggregating the total principal sum of $100,000, and containing on their face the recital, " which notes have been issued under and are equally and ratably secured without privilege, priority or distinction by a Collateral Trust Agreement made by the Company to the Safe Deposit Bank of Pottsville, Trustee, dated April 16, 1923, to which reference is hereby made with the same effect as if herein fully set forth, which Collateral Trust Agreement is duly recorded and is a lien on all the property, plant, equipment, and other assets of the Company, and subject to all of the terms of which Collateral Trust Agreement this note is issued and held." The note is signed by the officers of the Kresge Coal Company, and contains the indorsement of the trustee as follows:

" TRUSTEE'S CERTIFICATE

" This note is one of the notes secured by the within mentioned Collateral Trust Agreement.

" SAFE DEPOSIT BANK OF POTTSVILLE
" *Trustee.*"

Turning to the mortgage to determine the duties and obligations assumed by the trustee, we find it the usual lengthy instrument containing the following pertinent paragraphs:

" *First.* No note issued hereunder shall have any validity or be binding in any manner whatsoever unless the certificate of the Trustee shall have been endorsed thereon, which certificate shall be as above recited.

" *Twenty-first.* * * *

" (b)   *   *   *   The Trustee, save for its gross negligence or wilful default, shall not be personally liable for any loss or damage.

"   *   *   *

" (e) Only such notes as shall have endorsed thereon a certificate in substantially the form hereinbefore recited duly signed by the Trustee, shall be of the said series of notes.   Such certificate shall be only for the purpose of identification of the said notes as of said series, payment whereof is intended to be secured by this mortgage, and Trustee shall not be responsible for the execution of said notes or of this mortgate, or for the title of Coal Company to the property, premises or rights described herein, or for the validity or priority of the lien or charge purporting to be hereby created, or for the sufficiency of the security provided herein, or for the genuineness, validity or value of any property or securities which may at any time become subject to this Indenture.

"   *   *   *

" (h) It shall be no part of the duty of the Trustee to record this instrument as a mortgage or conveyance of real or personal estate, or to file or record the same as a chattel mortgage, to re-file or renew the same, or to procure any further, other or additional instruments or further assurance, or to do any other act for the continuance of the lien of this Indenture.   *   *   * "

The mortgage was not recorded, and the notes, not having been paid, the plaintiff has sued the trustee for its negligence in failing to have the mortgage placed on record, and has recovered the face value of his notes, with interest.   In purchasing the notes, the plaintiff relied upon no false or fraudulent representations made by the trustee which would present an entirely different case. (*Doyle* v. *Chatham & Phenix Nat. Bank*, 253 N. Y. 369.) Neither does the plaintiff claim to have been misled or deceived by the form or wording of the trustee's certificate, indorsed on the notes.   That merely stated that the note was one of the series secured by the collateral trust

agreement mentioned on the face of the note. A reference to that agreement shows that the trustee undertook to certify to identification only, and not to the validity or security of the note. The judgment which the plaintiff has recovered rests entirely upon the theory that it was a duty of the trustee which it owed to the noteholders to see that the mortgage was recorded, and that the failure to record the mortgage was the neglect and carelessness of the trustee, for which it is liable to those noteholders, including the plaintiff, who have suffered damage thereby.

The duty of the trustee is measured and limited by its agreement. This, as we see by the above quotations, exempted it from liability except for gross negligence or wilful default, and stated that the trustee was under no duty to record the instrument. Such agreements are legal and binding, unless they are contrary to some statute or against the public policy of the State. We can see no reason why such an agreement is not binding upon the mortgagor and the trustee, and those who have purchased the notes with notice of the mortgage and opportunity to fully examine its terms and conditions.

This mortgage was made and executed in Pennsylvania. The notes were issued and payable in Pottsville, Pennsylvania. The law of Pennsylvania applies to these contracts: " * * * The general rule is that a contract made in one State and to be performed there is governed by the law of that State, and the further rule, which is a logical result, that a defense or discharge, good by the law of the place where the contract is made or to be performed, is to be held, in most cases, of equal validity elsewhere." (*Graham* v. *First Nat. Bank*, 84 N. Y. 393, 401; *Curtis* v. *Delaware, L. & W. R. R. Co.*, 74 N. Y. 116, 120.) As to negligence, the law of the place where the negligent act was committed or liability arose likewise governs. (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127; American Law Institute, Restatement No. 4, Conflict of Laws, §§ 411–420.)

By the law of the State of Pennsylvania, no liability would attach to this trustee by reason of the alleged negligence; the contract specifying its duties and obligations as well as its liability is legal. (*Bell* v. *Title Trust & Guarantee Co.*, 292 Penn. St. 228; *Byers* v. *Union Trust Co.*, 175 Penn. St. 318.) In the *Bell* case the court had before it a similar mortgage with a like certificate indorsed by the trustee. The mortgage was not recorded, but the court said: " That requirement was not an affair of the trustee, as under the general rule a trustee's certificate that is silent as to recording does not render the trustee liable in case the mortgage is not recorded. * * * Learning that there was such a mortgage as described in the bonds, a casual investigation would have developed the fact that this instrument was not on record, and that information, available to him [the purchaser] before he paid for the securities, would have alone been sufficient to put him on his guard. * * * His position is still more weakened by the fact that by the terms of the mortgage itself, as shown by quotations from it in appellee's affidavit of defense, the trustee was definitely made exempt from responsibility as to the validity of the bonds or the disposition of the trust mortgage. The instrument distinctly declares that the ' trustee shall not be under any obligation to see to the recording of this indenture or of any other instrument of further issuance; ' and further that the ' authentication [the certificate] of any bond by the trustee shall not be taken to be any guarantee as to the character, status or security of such bond, but only that it is in fact one of the bonds issued hereunder,' and the trustee was not to assume responsibility for the correctness of the recitals and statements in the trust mortgage."

As this action has been brought in the State of New York, the courts below have been of the opinion that these provisions of the trustee's agreement relieving the trustee from the duty of recording the instrument and

from its negligence, were against the public policy of this State. We do not see how this can be, especially in view of the fact that this State, contrary to most other jurisdictions, has sanctioned agreements exempting carriers from liability for negligence (*Nelson* v. *H. R. R. R. Co.*, 48 N. Y. 498; *Cragin* v. *N. Y. C. R. R. Co.*, 51 N. Y. 61); a doctrine somewhat limited by our recent decision in *Straus & Co.* v. *Canadian Pacific Ry. Co.* (254 N. Y. 407). Unless there is something immoral or fundamentally unjust in the arrangement, there is no policy of our State which forbids the enforcement of contracts or agreements which are legal according to the law of the place of performance. (*Loucks* v. *Standard Oil Co.*, 224 N. Y. 99, p. 111; *Milliken* v. *Pratt*, 125 Mass. 374; *Shaw* v. *Postal Telegraph & Cable Co.*, 79 Miss. 670; *Hughes* v. *Pennsylvania R. R. Co.*, 202 Penn. St. 222; *International Harvester Co.* v. *McAdam*, 142 Wis. 114; *Knowlton* v. *Erie Ry. Co.*, 19 Ohio St. 260.)

In the absence of any gross or wilful negligence there was nothing immoral about this trustee's agreement. Considering its slight financial interest in the transaction, the bank was merely prudent and cautious in limiting its liability and defining its duties. The plaintiff could have ascertained all the facts upon inquiry; nothing was hidden or concealed. Such agreements have been recognized by the courts. (*Browning* v. *Fidelity Trust Co.*, 250 Fed. Rep. 321.) Even those jurisdictions which do not recognize contracts exempting one from liability for negligence, limit the rule to a certain class of cases. (*Santa Fe P. & P. Ry. Co.* v. *Grant Bros. Const. Co.*, 228 U. S. 177.)

The judgments should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.