## Gouley v. Land Title Bank & Trust Co., Trustee

*Henry Gouley* and *William R. Toal*, for plaintiff.

*Charles I. Thompson, Robert von Moschzisker*, and *T. Burns Drum*, for defendant.

MACNEILLE and MILLAR, JJ., December 16, 1936.— Exceptions have been filed on behalf of plaintiff to the action of the court in dismissing the bill of complaint on the sole ground that there was a duty on defendant as a trustee who knew of the defaults of the mortgagor to notify the bondholders of the defaults, particularly in view of the fact that the officers of the defendant corporation had taken cognizance of the defaults of the mortgagor at several meetings.

In an exhaustive brief plaintiff's attorney cited a number of cases holding that, where there are no agreements to the contrary, a trustee is not a mere dummy and if he has duties to perform he must perform them, and that certain duties are superimposed upon him by law, and that a trustee who has knowledge of facts imperiling the property placed in his care must immediately take some action either by notice to the bondholders or by request to the court of equity for advice.

No cases have been cited, however, and we cannot find any holding that, where under the express provisions of a trust deed or trust mortgage the trustee is relieved from certain duties or obligations, the trustee will be held liable for failure to perform the duties it is so relieved of.

On the contrary in every case in which corporate mortgages have come before our appellate courts containing provisions similar to those contained in this mortgage, which have been previously pointed out, exempting the trustee from certain duties, the validity of such provisions has been upheld and the provisions given full force and effect.

In the case of Bell v. Title Trust & Guarantee Co., 292 Pa. 228, it was held that where under the express provisions of the trust the trustee was relieved of seeing that the mortgage was recorded the trustee could not be held

liable because the mortgage was not recorded, and the same conclusion was reached in the case of Benton v. Safe Deposit Bank of Pottsville, Pa., 255 N. Y. 260, in construing a Pennsylvania contract and applying Pennsylvania law; and in Newhall et al. v. Norristown Trust Co., 280 Pa. 195, a provision exempting the trustee from liability to see to the disposition of the proceeds of the sale of bonds was upheld; and in Bell et al. v. Scranton Trust Co., 261 Pa. 28, where the property which was covered by the mortgage held in trust was destroyed by fire without insurance, it was held that the trustee was not liable where he was relieved from the duty of seeing that the premises were insured by the specific provisions of the trust agreement; and in Byers v. The Union Trust Co., 175 Pa. 318, it was held that the trustee was not responsible where the mortgage which was the subject of the trust was not a first lien on the premises where the instrument specifically exempted it from seeing that it was a first lien. A similar conclusion was reached in the case of Drueding et al. v. Tradesmens National Bank & Trust Co., 319 Pa. 144, which is fully discussed in the opinion dismissing the bill of complaint.

It is apparent that in all the above cases a different conclusion would have been reached if it was not for the specific provisions in the trust agreement exempting the trustee from liability for failure to perform the acts which form the basis of the several actions, and the exemption of liability in each case was grounded specifically on the express provisions of the trust agreement which exempted the trustee from liability.

We cannot disregard these decisions in determining the rights in this litigation, and we are not at liberty to disregard the express provisions of the mortgage here involved. As pointed out in the previous opinion the indenture of mortgage which was offered in evidence by the plaintiff provides in article v, sec. 10, as follows:

"It is expressly understood and agreed that the trustee shall not be under any obligation to take notice of any

default thereunder of the said James P. Rothwell, Jr. *or* to give effect to any such default, or to recognize the same for any purpose under this mortgage unless requested in writing by the holders of 25% of amount of 'Class A' bonds secured hereby and outstanding at the time accompanied by the production and deposit of their bonds and unless indemnified *to its satisfaction in the premises against all loss, cost and expense of every kind* . . . ."

If the trustee is relieved from taking notice of any default under the express provisions of the language of the mortgage, we cannot see how it can be held liable for not taking notice of such default or not notifying the bondholders of any default, and the fact that it did what it was not legally compelled to do, to wit, did take notice of the default at several meetings, certainly cannot be held to impose other duties upon the trustee of which it is expressly relieved by the terms of the mortgage and contract between the parties.

It is unfortunate that under the principles of law by which this court is bound no relief can be given to plaintiff. Undoubtedly as a result of the investigation of the Sabbath Committee some legislation may be passed that will make it compulsory for trustees to assume more active duties. We are bound by the provisions of the contract and must hold that under its express provisions the trustee is relieved from taking notice of any default, and as a corollary thereto we think it is relieved from notifying bondholders of default.

For the reasons indicated, the exceptions are dismissed.