## Kelly, Appellant, *v.* Girard Trust Company et al.

Argued December 6, 1937.   Before SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

*George F. Douglas,* for appellant.

*Alfred N. Keim* and *William I. Stanton,* for appellees, were not heard.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1938:

George Kelly, in his lifetime, was the owner and operator of a large installment business. He died in 1915 and by his will created a trust of the business and named plaintiff, Richard S. Kelly, his son, one of the trustees of it. He was given a one-fifth share of the principal and income of the trust. Subsequently by decree of the Orphans' Court, plaintiff was removed as trustee and thereafter on March 5, 1920, he assigned to Harry T. Stoddart, as trustee, his one-fifth interest in the trust estate for the benefit of himself and bondholders holding bonds against his interest. Stoddart under the terms of the trust was to collect the principal and income due plaintiff from his father's estate, to pay the interest on the bonds, to pay on certain indebtedness of plaintiff, to pay to him $1,800 per annum, to pay on account of the principal of the bonds and upon payment of all the obligations to reconvey to plaintiff.

On January 16, 1936, plaintiff filed the bill in equity, now before us, against the executors of Stoddart's estate (he died November 24, 1933) asking for an account, which was filed. The account is admitted to be correct so far as moneys received and disbursed by Stoddart.

The position now taken by plaintiff is that Stoddart knew that the business was being conducted by its trustees (Stoddart was not one of them) at a loss due to mismanagement and failed to protect plaintiff's interests and by threats and coercion prevented plaintiff from taking any action himself. No testimony was offered before the chancellor, plaintiff contented himself by making an offer of proof, which the chancellor deemed insufficient to support a surcharge against the trustee's estate.

Under the deed of trust it was provided that the trustee should not be in any way or manner liable or respon-

sible for the refusal or failure of the business trustees, for any cause whatsoever, to pay over to him, Stoddart, the share or portion of plaintiff in the estate of his father. It was further provided that it should not be the duty of Stoddart to present any claim for the share or portion of plaintiff in his father's estate until after notice had been received by him from the business trustees and that he should not be liable for the share or portion of plaintiff in his father's estate until the same should come into his hands and then only to the amount received. No notice was given and no portion was received which was not accounted for.

The trust agreement with Stoddart contained an additional provision: "Nor shall the Bond Trustee [Stoddart], or his heirs, executors, administrators and assigns be answerable or responsible for any act, matter, cause or thing whatsoever except his own wilful default or gross neglect." It was also provided that if legal proceedings should become necessary for the collection or protection of the bonds or the interest due thereon, the Bond Trustee was authorized to take them, *upon request of a bondholder,* upon being indemnified against costs and expenses incurred. No request from a bondholder was received.

In view of the provisions of the trust agreement and the limited character of the trust nothing offered to be shown was sufficient to charge the estate of the deceased trustee: *Newhall v. Norristown Trust Co.,* 280 Pa. 195, 124 A. 337; *Bell v. Title Trust & Guarantee Co.,* 292 Pa. 228, 140 A. 900; *Drueding v. Tradesmen's B. & T. Co.,* 319 Pa. 144, 179 A. 229.

The decree of the court below dismissing the bill is affirmed at appellant's cost.