Harold Tessler, J.
Motion by defendants for an order dismissing the complaint for failure to state facts sufficient to constitute a cause of action.
The complaint contains two causes of action, one by the infant plaintiff for personal injuries and the second by his father for loss of services.
Plaintiffs allege that the corporate defendant was the owner of a car bearing a New Jersey registration; that it was being operated by the defendant Squire with the permission and consent of the corporate defendant, on a public highway in New Jersey; that said car struck another car which was standing still, propelling it into the infant plaintiff who thereby sustained severe personal injuries. The plaintiffs then allege the various acts of negligence on the part of the defendants, their own freedom from contributory negligence and their damages.
While the motion to dismiss is made on behalf of both defendants, the argument advanced in support of the motion is applicable only to the corporate defendant and there is no basis whatsoever for holding the complaint insufficient as to the codefendant Squire, who was driving the vehicle and who is accused of active negligence.
Defendants argue that plaintiffs seek to hold the corporate defendant liable for the accident solely by reason of its ownership of the vehicle; that at common law, with exceptions not here pertinent, the owner of a vehicle was not responsible for the negligence of a bailee; that the statutory liability imposed upon owners in New York State by virtue of section 388 (formerly § 59) of the Vehicle and Traffic Law has no extraterritorial effect; that New Jersey has no similar statute nor have plaintiffs alleged that it has such a statute and that the complaint, therefore, fails to allege a cause of action.
This case is controlled by the law of New Jersey where the accident happened and in the absence of any showing to the contrary, we must assume the common law of New Jersey to be the same as the common law of New York. (Cherwien v. Geiter, 272 N. Y. 165, 168.) Under the common law, again with certain exceptions not here pertinent, an owner was not liable for the *41 negligence of another to whom he lent his car while it was being used upon the business or pleasure of the borrower. (Gochee v. Wagner, 257 N. Y. 344, 346; Selles v. Smith, 4 N Y 2d 412, 414.)
This statute imposing liability upon an owner has not changed the common-law liability arising from the relationship of master and servant upon proof that the servant’s negligence was in the master’s business. (Irwin v. Klein, 271 N. Y. 477, 484.)
Plaintiffs contend that under New Jersey law ownership of an automobile raises a presumption that such automobile was being driven by an employee within the scope of his employment. (Shields v. Yellow Cab, 113 N. J. L. 479.) A similar presumption obtains in New York. (Babajko v. Frawley, 9 A D 2d 764.)
Since for the purposes of this motion defendants have conceded the truth of the allegations of the complaint, including ownership as well as permission and consent, it follows that the complaint, aided by the foregoing presumption, is sufficient as a matter of pleading. Defendants’ motion to dismiss the complaint for legal insufficiency is denied.