Leonard J. Supple, J.
The accident alleged in the complaint occurred in Connecticut, but no statute or case law of Connecticut is pleaded which would impute the driver’s negligence to the owner of the car. The only basis for such imputation would be *566 the allegations that the defendant Lawrence L. Cicoria was driving the car owned by the moving defendant (Louis Cicoria) with his consent.
The moving defendant argues that under such circumstances, there is a presumption the law of Connecticut is the same as the common law of New York (Selles v. Smith, 4 N Y 2d 412) and that the common law of New York (as distinguished from the statute law (Vehicle and Traffic Law, § 388) does not impute driver’s negligence to the owner under the circumstances here alleged (Waterman v. Thrift Leasing Corp., 34 Misc 2d 39). He, therefore, moves to dismiss the complaint as to him -for insufficiency in law.
It has never been necessary to plead the law of the forum, since it was assumed the parties and the court knew what it was. (3 Carmody-Wait, New York Practice, § 1, p. 432.) Prior to 1943, the law of a sister State or of a foreign country was regarded as fact, not law, and accordingly such needed to be pleaded and proved to be made applicable to the controversy. In that year section 344-a of the Civil Practice Act was enacted, which statute permitted courts to take judicial notice of foreign law, even though not pleaded. Under such statute, and on a motion to dismiss for insufficiency, the court held that the applicable Pennsylvania statute, even though not pleaded, would be noticed and the complaint was sustained (Pfleuger v. Pfleuger, 304 N. Y. 148).
The adoption of CPLR brought significant changes in this field. Section 344-a of the Civil Practice Act was replaced by CPLR 4511. Such latter statute now commands the court, in a case like this, to take judicial notice of the common law and public statutes of a sister State. No longer may New York courts rest on the presumption mentioned in Selles v. Smith (supra) but must apply the law of a sister State, if applicable.
Connecticut law is applicable to a Connecticut automobile accident (Benton v. Safe Deposit Bank of Pottsville, 255 N. Y. 260, 265). Under CPLR 4511 (subd. [a]) the court must now know what that law is, and it need be neither pleaded nor proved.
There is no statute in Connecticut comparable to section 388 of our Vehicle and Traffic Law (formerly § 59). Under Connecticut law, imputation to the owner must be predicated on the “ family car ” doctrine (Conn. Gen. Stat., 1958 Rev., § 52-182), the rental of the car (§ 14-154) or agency (§ 52-183). The latter statute creates a rebuttable presumption that the operator with consent is the agent of the,owner and therefore the owner is responsible for the negligent operation (Scalova v. Shaughnessy, 151 Conn. 252).
*567 The complaint is, therefore, sufficient in law.
The moving defendant in his papers asks for summary judgment on this motion (CPLR 3211, subd. [c]) based on evidence the moving defendant did not own the car. The moving defendant’s affidavit, however, denies only his present ownership, hut does not deny ownership at the time of the accident. The negative report of the Bureau of Motor Vehicles is only prima facie evidence even if the report had been in proper form (CPLR 4521).
The motion will be denied without prejudice to a motion for summary judgment pursuant to CPLR 3212, if the moving defendant he so advised, at that stage of the action.